E-FILED
Friday, 27 July, 2018 09:25:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| KERWIN DOSS, | ) | |
| Plaintiff, | ) | |
| v. | ) | 16-CV-4028 |
| GARY MILLER, JAMES TAYLOR, and BARB KING, | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff proceeds pro se from his incarceration in Illinois River Correctional Center on a claim that Defendants violated his procedural due process rights by denying Plaintiff a meaningful opportunity to defend prison disciplinary charges. Defendants move for summary judgment, which is granted. Plaintiff does not explain what evidence he would have presented which might have made a difference in the outcome of the disciplinary proceeding. Plaintiff had already admitted to fighting with an inmate, and an officer reported that the officer saw Plaintiff stomping on the inmate's head with Plaintiff's foot.

**Analysis**

The facts are set forth in the light most favorable to Plaintiff, drawing all reasonable inferences in Plaintiff's favor and resolving material disputes in Plaintiff's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment must be denied if a reasonable juror could find for Plaintiff. Id.

Plaintiff was in two separate fights on February 5, 2015. The first fight was with inmate Stephens. The parties do not go into how this fight started, but, according to the disciplinary report, inmate Stephens told an investigator that he went into Plaintiff's cell "because he preys on the weak. . . . [T]hat is when [Plaintiff] swung at me and struck me on the left side of my head, so I beat his ass." (d/e 1-1, p. 7.)

Sometime after inmate Stephens left Plaintiff's cell that day, Plaintiff's cellmate—inmate Thompson—returned to the cell, and a fight between Plaintiff and his cellmate ensued. According to the disciplinary report, inmate Thompson told an investigator that Plaintiff had blamed Thompson for inmate Stephens' assault on Plaintiff and then "started to hit me and knocked me down to the floor and proceeded to stomp my head against the door and strike

me with closed fist punches numerous times until the Officer stopped him and separated us." (d/e 1-1 p. 5.) The disciplinary report also stated that Officer Robinson arrived at the scene and observed Plaintiff "standing over Thompson and was appearing to be stomping on Thompson's head with his foot." (d/e 1-1, p. 4.) These statements are not taken for the truth of what actually happened but instead for what information the disciplinary committee had when the committee made its decision. Plaintiff was also interviewed but he refused to answer any questions other than stating that Plaintiff and Thompson were fighting, whereupon the interviewer warned that, because of Plaintiff's refusal to answer questions, Plaintiff would be charged with assault in both incidents while inmates Stephens and Thompson would receive a lesser charge of fighting. (Pl.'s Dep. 15-16.) Inmate Thompson had to be taken to the hospital after the incident.

Plaintiff received two separate disciplinary tickets, one based on the incident with inmate Stephens and a second based on the incident with inmate Thompson. Plaintiff had no writing utensil in his segregation cell, and, therefore, could not request witnesses or prepare a written defense before the disciplinary hearing. When

Plaintiff appeared before the disciplinary committee on both tickets,[1] Plaintiff asked for a continuance, explaining that he had not had a writing utensil to request witnesses or prepare a written defense. Defendant Millard denied the continuance, whereupon Plaintiff objected and refused to participate. During a break in the hearing, Plaintiff told correctional officer Taylor that the incident with inmate Thompson was "just a simple fight." (Compl. para. 51.) Plaintiff now argues that this statement cannot be considered, apparently because the statement was made during the break, but Plaintiff does not explain why. In any event, Plaintiff does not dispute fighting with Thompson or Stephens. (Pl.'s Dep. 11.) Plaintiff maintained in his deposition and that an inmate eyewitness—"TY"—would have testified that Plaintiff was assaulted by Thompson, but Plaintiff does not dispute that Plaintiff was fighting, too. (Pl.'s Dep. 22.)

Plaintiff was found guilty on both disciplinary tickets. On the incident with inmate Stephens, Plaintiff was punished with one month of grade demotion, segregation, commissary restriction, and

---

[1] Plaintiff maintains that one hearing was held on both tickets on February 10, 2015, and that the documents falsely state that two disciplinary hearings were held on consecutive days. The difference is immaterial.

4

yard restriction. (d/e 1-1 p. 10.) On the incident with Stephens, Plaintiff was punished with one year of grade demotion, segregation, commissary and yard restrictions, restitution of $28,753 (for inmate Thompson's hospital bill), and the revocation of six months of good time. The parties appear to agree that Plaintiff's good time was later restored by the Prisoner Review Board. (Pl.'s Dep. 31.)

The punishment Plaintiff received on the Stephens ticket was not serious enough to trigger procedural due process rights. *See* Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995)(placement in typical segregation for 30 days did not trigger due process protections). In contrast, Plaintiff's one year of segregation on the Thompson ticket was serious enough to trigger Plaintiff's procedural due process rights, which included the right to call witnesses and present evidence. *See* Wolff v. McDonnell, 418 U.S. 539 (1974); Rowe v. DeBruyn, 17 F.3d 1047, 1053 (7th Cir. 1994)(year of disciplinary segregation triggered procedural due process protections).[2] Looking at the record in the light most favorable to Plaintiff, Plaintiff did not

---

[2] Plaintiff also had procedural due process rights in challenging the restitution amount, but he does not make that challenge. Lindell v. Pollard, 681 Fed.Appx. 518 (2017)(inmate has constitutionally-protected interest in prison account).

5

have a meaningful opportunity to call witnesses or organize his defense because he had no writing utensil.

That is not the end of the inquiry, though. If Plaintiff's defense would not have changed the outcome of the disciplinary hearing, then the refusal to allow him time to gather that evidence amounted to harmless error. Jones v. Cross, 637 F.3d 841, 847 (7th Cir. 2011)(inability to call witnesses at prison disciplinary hearing was harmless error where prisoner's admission was enough evidence to find him guilty of assault); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003)(applying harmless error analysis to refusal to call witnesses in disciplinary hearings). Plaintiff does not explain what his defense would have been had he been given time to prepare. He does not explain what his witnesses would have said. More importantly, even if his witnesses might have stated that both inmates were fighting equally or that inmate Thompson started the fight, ample evidence still would have supported the disciplinary committee's finding that Plaintiff was guilty of assault:[3]  1) Plaintiff

---

[3] In 2015, the offense of "102 Assaulting Any Person" was defined as "causing a person, substances, or an object to come into contact with another person in an offensive, provocative, or injurious manner or fighting with a weapon." 20 Il. ADC 504 App. A. Offense Numbers & Definitions.

6

admitted to fighting; 2) inmate Thompson wound up in the hospital; 3) Officer Robinson reported that he observed Plaintiff stomping on Thompson's head with Plaintiff's foot; and, 4) inmate Thompson told the investigator that Plaintiff knocked Thompson to the floor and stomped on Thompson's head. The committee's decision was more than supported by the evidence they had before them. *See* Scruggs v. Jordan, 485 F.3d 934 (7th Cir. 2007)(prison disciplinary decision need only be support by "'some evidence.' . . . [O]nce the meager threshold has been crossed our inquiry ends and we will not reverse the disciplinary board's decision.")(quoted and other cites omitted). Plaintiff offers no reason why his unspecified defense might have changed the disciplinary committee's decision.

**IT IS ORDERED:**

**(1)** Defendants' motion for summary judgment is granted (d/e 64). The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. This case is closed, with the parties to bear their own costs. All deadlines and settings on the Court's calendar are vacated.

**(2)** If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis should identify the issues Plaintiff will present on appeal. See Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTER: 07/27/2018

FOR THE COURT:

<u>     s/Sue E. Myerscough</u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE